## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01490-CMA-CBS

AMBER DAVIES, individual

Plaintiff,

v.

A.G. HILL PARTNERS, LLC, a Texas company,
SEVEN FALLS COMPANY, a Delaware corporation, dba
THE NEW SEVEN FALLS COMPANY, dba
THE COTTAGE COMPANY, dba
SEVEN FALLS PIPELINE & RESERVOIR.

Defendants.

_____

## SCHEDULING ORDER
_____

## 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Pursuant to F.R.C.P. 16(b), a scheduling and planning conference took place on August 21, 2012 at 10:00 a.m.  The Plaintiff Amber Davies is represented by John Gehlhausen and George McLaughlin, 22488 E. Polk Drive, Aurora, Colorado 80016, 303-690-8197 and David M. Sargent, 303 South Broadway, Suite 200-214, Denver, Colorado 80209, 303-359-1869.  The Defendants A.G. Hill Partners, LLC and Seven Falls Company are represented by Lisa Bondy Dunn and Christina M. Gilbertson, 1805 Shea Center Drive, Suite 150, Highlands Ranch, Colorado 80129, 720-479-2500.

## 2. STATEMENT OF JURISDICTION

On or about June 18, 2010, Plaintiff Amber Davies was injured on the property of Seven Falls Company property in Colorado Springs, Colorado.  Ms. Davies is a resident of the State of California.  This Court is vested with jurisdiction of this action by the diversity statute, 28 U.S.C. §1332.  The value of this claim is greater than $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

A.      Plaintiff:  On or about June 18, 2010 Plaintiff was visiting Seven Falls, a privately owned outdoor nature attraction in Colorado Springs.  As she was walking down a pathway she stepped into an unmarked and unprotected gap in the walkway, falling and injuring her foot. Plaintiff was a paying customer and therefore was an "invitee" for the purposes of C.R.S. §13-21-115.

Defendants owed Plaintiff a duty to exercise reasonable care to protect against hazards and/or dangers of which they actually knew or should have known.  Defendants breached that duty by and including, but not limited to, failing to properly warn of holes and gaps in the walkway and/or repair the dangerous holes and gaps.  As a direct and proximate result of the Defendants unreasonable failures, Plaintiff has developed Complex Regional Pain Syndrome [CRPS], a medical condition which is a permanent and debilitating, and that requires ongoing future care.  The amount of injuries suffered, damages and losses shall be established at trial.

B.      Defendants:  Defendants have a pending motion to dismiss A G Hill Partners based on lack of personal jurisdiction.  Defendants contend that A G Hill Partners' sole involvement with either Seven Falls Company or the subject property was to help in the procurement of insurance; that A G Hill Partners and Seven Falls Company are separate legal entities; that A G Hill has no ownership and/or control over Seven Falls; and that AG Hill lacks

sufficient minimum contact for *in personam* jurisdiction to attach in Colorado.  Defendants deny

liability.  Defendant contest the nature and extent of the Plaintiff's claimed injuries and damages.

## 4.  UNDISPUTED FACTS

There are no undisputed facts.

## 5.  COMPUTATION OF DAMAGES

Plaintiff's damages consist of her past and future medical bills and expenses.  These are

still in the process of being assembled and calculated.  Past medical expenses assembled to date

total $33,279.04.  Future medical expenses are certain but the amount has yet to be calculated.  It

is expected the plaintiff's total damages for past and future medical expenses, past and future lost

earnings and earning capacity, pain, suffering, disability, and physical impairment will total in

excess of $5,000,000.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

A.      On August 1, 2012 counsel for the parties conducted a Rule 26(f) conference by

telephone.

B.      Plaintiff was represented by George E. McLaughlin.  Defendants were

represented by Lisa Bondy Dunn.

C.   Both parties agreed that Rule 26(a)(1) disclosures are due August 14, 2012, seven

days prior to scheduling conference.

D.   There are no proposed changes in timing or requirement of disclosures under

Fed.R.Civ.P. 26(a)(1).

## 7.  CONSENT

. The parties do not consent to a Magistrate referral for trial.

## 8.  DISCOVERY LIMITATIONS

In terms of written discovery limits, the following will apply:

a.      Thirty-five (35) Requests for Production of Documents;

b.      Twenty-five (25) Interrogatories, including discrete subparts, propounded by Plaintiff, and propounded by Defendants on the Plaintiff;

c.      Twenty-five (25) Requests for  Admissions propounded by Plaintiff upon Defendants, and propounded by Defendants on the Plaintiff;

d.      Both sides are allowed ten (10) depositions, not including expert depositions.

## 9.  CASE PLAN AND SCHEDULE

The following proposed case plan and schedule assumes that the trial date will be no sooner than one year after the date of the scheduling conference.

a.      All dispositive motions must be filed by April 30, 2013;

b.      Parties shall designate experts no later than November 1, 2012;

c.      Parties shall designate all rebuttal experts no later than February 1, 2013;

d.      All written discovery must be served on or before February 25, 2013.

e.      Discovery cut-off date is March 30, 2013.

## 10.  DATES FOR FURTHER CONFERENCES

An Early Neutral Evaluation is set for November 29, 2012 at 10:00 a.m. Confidential

settlement statements will be filed with the undersigned no later than November 26, 2012.

The Final Pretrial Conference is set for July 16, 2013 at 9:15 a.m.  The Final Pretrial

Order agreed upon by the parties is due to the Court on or before July 9, 2013.  If no motion for

summary judgment or other dispositive motion is filed, the parties are directed to contact the

office of the undersigned to obtain an earlier pretrial conference date.

## 11.  OTHER SCHEDULING MATTERS

The parties anticipate ten (10) days will be necessary for the trial of this case. No motion

dealing with discovery issues shall be filed by either party without first having a joint phone

conference regarding the matter with the undersigned.

## 12.  NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the

moving attorneys' client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

No discovery motion shall be filed without the parties first having a phone conference with the

Magistrate re the discovery dispute.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, on August 30, 2012.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED AS TO FORM:

_/s/ John Gehlhausen_____            ____/s/ Christina M. Gilbertson_____

JOHN D. GEHLHAUSEN, #1977            CHRISTINA M. GILBERTSON, #38367
22488 E. Polk Drive                  1805 Shea Center Drive, Suite 150
Aurora, CO  80016                    Highlands Ranch, CO 80129
303-690-8197                         720-479-2500

DAVID M. SARGENT, #35688             Attorneys for Defendants
303 S. Broadway, Suite 200-214
Denver, CO 80209

Attorneys for Plaintiff