**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 12-cv-01490-RM-CBS

KARL T. ANDERSON, solely in his capacity as
Chapter 7 Trustee for the bankruptcy estate
of Robert Leone Davies and Amber Tracey Davies,

      Plaintiff,

v.

SEVEN FALLS COMPANY, a Delaware corporation, d/b/a
THE NEW SEVEN FALLS COMPANY, d/b/a/
THE COTTAGE COMPANY, d/b/a/
SEVEN FALLS PIPELINE & RESERVOIR

      Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiff's Motion for Reconsideration of Summary Judgment (ECF No. 148) (the "Motion to Reconsider"). Defendant's Motion to Set Case for Status Conference (ECF No. 166) will also be addressed.

**I. BACKGROUND**

The facts in this case were set forth in a previous Order of this Court (ECF No. 146), and the Court will only repeat facts that are necessary for the resolution of the instant motions.

In June of 2010, Amber Davies[1] and her future husband were visiting Seven Falls, a natural canyon tourist attraction in Colorado Springs run by Defendant, and stepped into a gap in a walkway. As a result, she twisted her ankle and injured her foot. Ms. Davies contends the

---

[1] The events giving rise to her claim of injuries occurred prior to her marriage. At that time, she was Amber Mazurette. She has since married and is now Amber Davies. She is referred to as Amber Davies throughout this Order.

1

ankle injury later developed into Complex Regional Pain Syndrome ("CRPS") and that she has a permanent and serious impairment.  (ECF No. 82 at 2.)

In August of 2010, Ms. Davies entered into a fee agreement with counsel to pursue compensation for her injuries from Defendant.  In a letter dated August 26, 2010, entitled "Notice of Claim and Representation," Ms. Davies' attorneys, on her behalf, informed Seven Falls' insurance company of her injury and asked for "copies of any photographs or estimates associated with event."  (ECF No. 92-1 at 1.)

On July 15, 2011, Ms. Davies and her new husband Sergeant Robert Davies together filed a Chapter 7 Bankruptcy Petition in California, where she now resides.  (ECF No. 82 at 2.) They retained Genesis Law Group as bankruptcy counsel.  Ms. Davies' claims against Defendant were not disclosed in her bankruptcy proceeding—not in her schedules, nor at her creditors meeting, nor elsewhere.

In March of 2013, Ms. Davies' attorney disclosed the instant suit to the bankruptcy trustee, who reopened the proceedings in bankruptcy court.  Within one month, a Motion for Substitution of Party Filed by Real Party in Interest had been filed by Karl T. Anderson (the "Trustee").

This Court issued an Order on Defendant's Motion for Summary Judgment Based on Judicial Estoppel, granting in part and denying in part.  The Court found in favor of the Defendant and applied the doctrine of judicial estoppel against Ms. Davies individually, but found that judicial estoppel should not be applied against the Trustee.  (*See* ECF No. 146 at 14-15 ("The Trustee and Ms. Davies' creditors should be made whole.  Ms Davies should not…The doctrine of judicial estoppel will not be applied to block the claims of the Trustee Karl T. Anderson on behalf of Ms. Davies' creditors or the Trustee's interests, but it will be applied as to

any recovery in excess of the referenced amount which would be surrendered back to Ms. Davies, effectively neutering the doctrine of judicial estoppel.")  Subsequently, the parties filed the instant motions.

In Plaintiff's Motion to Reconsider, she attaches three new affidavits.  Two of those are from her personal injury attorneys, Mr. John Gelhausen and Mr. David M. Sargent.  In her personal affidavit, she provides further facts and elaboration about her initial meeting with Chris Kim of the Genesis Law Group, stating that she "believed him to be a bankruptcy attorney with the firm," and that she did not fill out the "Statement of Affairs" section of the bankruptcy form she previously attached to her original affidavit. (ECF No. 148-1 at 2-3.)  She also expands upon her reasons for not reporting the lawsuit to the bankruptcy court and her reasons for not initially reporting her bankruptcy to her personal injury lawyers.  (*Id*. at 4.)

## II. DISCUSSION

### A. Motion to Reconsider

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Though Plaintiff does not initially clearly articulate which of the three possible bases for reconsideration it wishes the Court to consider, it is clear from the Motion to Reconsider that Plaintiff is not arguing either that an intervening change in the law has occurred or that there is new evidence that was previously unavailable.  Rather, Plaintiff argues that reconsideration is warranted because "[t]he Court improperly drew an inference that Amber Davies purposely manipulated and deceived the bankruptcy Court and/or the Trustee." (ECF No. 148 at 10.)  As to how this presents "clear error," Plaintiff offers largely the exact same arguments and evidence

3

that were contained in the previous briefing on the topic. Defendant notes this in its response briefing, arguing that Plaintiff's arguments do not meet the standard for filing a motion to reconsider.

Judicial estoppel is an equitable remedy "foremost designed to protect the federal judicial process." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007). The purpose of the doctrine is to ensure "a federal court's ability to protect itself from manipulation" "by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id*. (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)). According to *Eastman*, there are a variety of factors that might cause a court to invoke the doctrine, but three in particular are typically part of the inquiry: First, a parties' position must be clearly inconsistent with its previous position. Second, the party must have been successful in persuading a court to accept the previous position. Third, "the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped." *Id.*

In the reply brief, Plaintiff responds to Defendant's assertion that Plaintiff failed to satisfy the standard for a motion for reconsideration by citing the appropriate legal standard, and then clarifying that their motion is necessary to "correct clear or error or prevent manifest injustice" because the Court "misapprehended the facts" when it granted summary judgment to Defendant. (ECF No. 153 at 2.) Specifically, Plaintiff argues, "the form that this Court relied on when it determined that Plaintiff, Amber Davies withheld information was not filled out by Plaintiff, Amber Davies—as this Court believed—but was completed by her bankruptcy attorney." (ECF No. 153 at 4.) This alleged fact that the Court is accused of "misapprehending" is directly at odds with Ms. Davies' own affidavit, which states that as part of her bankruptcy process, she

4

"was told to fill out a form that asked specific questions about my finances and property." (ECF NO. 82-1 at 2.) The Court noted in its prior Order that that form, which Ms. Davies quotes in her affidavit, also included the following questions:

> Do you expect to receive any money from any insurance claim, for any reason, during the next six (6) months?
>
> In the near future, do you expect to settle, win or begin a case for personal injury?
>
> Even if you never expect to collect, does anyone owe you any money for any reason whatsoever?

(ECF No. 153-1 at 17.) The Court reasoned then, as it does now, that these questions indicate that Ms. Davies was or should have been aware that she was required to disclose the suit in her bankruptcy proceeding, and her failure to do so is grounds for the application of judicial estoppel.

The only counter to this argument the Plaintiff makes in the Motion to Consider is that the form the Court relied on was not filled out by Ms. Davies herself. Plaintiff accuses the Court of improperly drawing adverse inferences based on the attachment of a blank form including the above questions to Ms. Davies' original affidavit, stating that the "Court inferred from the blank form both that Ms. Davies completed the form and also that she answered it negatively as to questions pertaining to the injury claim." (ECF No. 148 at 6.) Whether or not Amber Davies physically filled out the form that included those questions, their presence in Ms. Davies bankruptcy file, which also included detailed information specific to Ms. Davies,[2] leads this

---

[2] Plaintiff's arguments on this specific issue fall apart under closer observation. Ms. Davies would have us believe that she volunteered information about trying to get her medical bills covered in response to a question about potential future lawsuits, but that then that information never made it past her original contact in the bankruptcy proceeding, and she somehow "understood from our conversation that the Seven Falls incident was not required to be listed." (ECF No. 82-1 at 3.) This does not stand to reason, and the very question about potential future lawsuits was sufficient to inform Ms. Davies that she had an obligation to report it in her bankruptcy proceeding, and yet she failed to do so at any juncture.

Court to the conclusion now (just as at summary judgment) that no reasonable factfinder could conclude that Ms. Davies did not deliberately mislead by failing to report this matter.

Moreover, none of the new facts alleged in the new affidavits were previously unavailable to Plaintiff and her counsel, and so the Court could simply, as Defendant urges, "refuse to consider her newly submitted affidavits." (ECF No. 150 at 3.) Plaintiff failed to meet her burden at summary judgment to present disputed issues of material fact, and asserting them at this stage in the proceeding, even if they were not subject to the problems outlined above, is improper. But there is still one more problem with Plaintiff's arguments in the Motion to Reconsider.

Plaintiff appears to misunderstand the standard for judicial estoppel in the Motion to Reconsider and related briefing. First, the duty to disclose assets in a bankruptcy proceeding falls on the debtor, regardless of whether that debtor is represented by counsel. *United States v. McIntosh*, 124 F.3d 1330, 1334 (10th Cir. 1997). That rule has been purposefully adopted, placing the burden of responsibility for disclosure squarely on the debtor, and not absolving the debtor of that responsibility simply by retaining bankruptcy counsel. Furthermore, "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at times *sub silentio*, infer deliberate manipulation." *Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1157 (10th Cir. 2007) (collecting cases). By choosing to ignore this precedent, Plaintiff is able to argue that the Court's negative inference on Ms. Davies' deliberateness is improper at the summary judgment stage. This is incorrect. Here, there was clear knowledge of the claim and a clear motive to conceal them, and the Court's conclusions with regard to Ms. Davies' deliberateness in her concealment is in fact more than is required in order to apply judicial

estoppel in this context. Nothing the Plaintiff has submitted or argued presents valid grounds for reconsideration and so the Motion to Reconsider is denied.

### B. Motion to Set Case for Status Conference

Defendant moved to set this case for a status conference, a motion which Plaintiff opposed. (ECF Nos. 166, 167.) The Court agrees with Plaintiff that there is "no valid benefit with regard to a status conference," as the Court is issuing the instant ruling, and intends to rule swiftly on the remaining outstanding motions in this case. To that end, though the Court granted Plaintiff's motion for a stay of time to respond to Defendant's remaining motions, that stay is now deemed lifted with the issuance of this Order. Plaintiff has 10 days from the date of this Order to file any responses to the pending motions (ECF Nos. 154, 155).

### III. CONCLUSION

For the foregoing reasons, the Motion to Reconsider (ECF No. 148) is hereby DENIED. The Motion for a Status Conference (ECF No. 166) is also DENIED, and the parties have 10 days from the date of this Order to file any remaining responsive briefing on any and all pending motions.

DATED this 25th day of November, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge